UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BEVERLY SHERRILL GOBEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WAL-MART STORES, INC., et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:12-cv-00086-JCM-NJK <br><br> ORDER DENYING MOTION TO <br> COMPEL (Docket No. 33) |

Pending before the Court is Plaintiff Beverly Sherrill Goben's ("Plaintiff") Motion to Compel, filed on February 22, 2013. Docket No. 33. The Court finds the motion to have a threshold defect that requires that it be **DENIED** without prejudice as discussed more fully below.

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is

sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added).

The Court was unable to locate a sufficient certification filed with the pending motion to compel. At best, Plaintiff provides that:

> On February 22, 2013, I had a conversation with Marjan Hajimirzaee, counsel for WAL-MART, in which we agreed that, given the compressed discovery deadline, particularly the initial expert disclosure deadline of March 1, 2013, we would be unable to resolve the relevant issues promptly enough to allow Plaintiff adequate time [sic] conduct meaningful expert dislcosures, and supplements thereto. Therefore, despite the parties' sincere efforts, they are unable to resolve these issues without Court intervention.

Brandon Squires Aff. at ¶ 7. Such a certification fails to "specifically convey" the details of the meet and confer process and is insufficient. Indeed, the only substantive detail provided is that counsel for the parties agreed there is a short timeframe to resolve the discovery dispute.[1] But there is no detail provided as to their attempts to resolve the dispute without Court intervention.

Accordingly, the Motion to Compel is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: February 27, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] It is unclear to the Court why the parties apparently believe the process of filing a motion to be ruled upon by the Court is faster than the parties conducting meaningful conferences to resolve their disputes.

2