1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BEVERLY SHERRILL GOBEN,

        Plaintiff,

v.

WAL-MART STORES, INC., et al.,

        Defendants.

2:12-CV-86 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff Beverly Sherrill Goben's motion to file first amended complaint. (Doc. # 49). Third-party defendant North American Roofing Services, Inc. responded (doc. # 52), and plaintiff replied (doc. # 53).[1]

**I.**    **Procedural Background**

This is a slip and fall case. Plaintiff allegedly slipped on water on the floor at a Wal-Mart store located in Las Vegas, NV. (Doc. # 1, Ex. B). On November 23, 2011, plaintiff filed a complaint against Wal-Mart for negligence in state court. (*Id.*) On January 18, 2012, Wal-Mart removed this matter to federal court. (Doc. # 1).

On March 26, 2012, Wal-Mart sought leave to file a third-party complaint against North American Roofing. (Doc. # 10). On April 30, 2012, the court granted Wal-Mart's motion. (Doc. # 12). On May 7, 2012, Wal-Mart filed a third-party complaint against North American Roofing alleging that it was a leak in the roof that caused plaintiff's injuries. (Doc. # 13). On December 19,

---

[1] Defendant/third-party plaintiff Wal-Mart Stores, Inc. filed a non-opposition to plaintiff's motion. (Doc. # 51).

James C. Mahan
U.S. District Judge

1   2012, the court extended all discovery deadlines, including the deadline to amend pleadings and add

2   parties, to January 30, 2013. (Doc. # 25).

3   On April 8, 2013, plaintiff filed the instant motion seeking to amend her complaint to add

4   North American Roofing as a first-party defendant. (Doc. # 49). Plaintiff asserts that Wal-Mart's

5   discovery responses failed to advise her of North American Roofing's potential responsibility for

6   this incident. Plaintiff further states that it was not until April 3, 2013, when plaintiff conducted a

7   roof inspection, that she had sufficient information to amend her complaint and add North American

8   Roofing as a defendant.

9   **II.    Legal Standard**

10   Plaintiff moves under Fed. R. Civ. P. 15; however, upon closer examination of this case's

11   procedural posture, the court determines that plaintiff's motion is also properly considered under

12   Fed. R Civ. P. 16 because the scheduling order deadline has expired.

13   Generally, Fed. R. Civ. P. 15(a) liberally allows for amendments to pleadings. *Coleman v.*

14   *Quaker Oats, Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). However, once the court issues a pretrial

15   scheduling order pursuant to Fed. R. Civ. P. 16(b) setting a deadline for amending the

16   pleadings/adding parties, the court must look to that rule in determining whether amendment should

17   be allowed. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

18   Rule 16(b) requires the party requesting amendment demonstrate "good cause" for seeking

19   the untimely amendment. *Johnson*, 975 F.2d at 608. "A court's evaluation of good cause [under Rule

20   16(b)] is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15."

21   *Id.* at 609 (citation omitted). Rather, the "good cause" standard "primarily considers the diligence

22   of the party seeking the amendment." *Id.* "Although the existence or degree of prejudice to the party

23   opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry

24   is upon the moving party's reasons for seeking modification. If that party was not diligent, the

25   inquiry should end." *Id.* (internal citation omitted).

26   Once "good cause" is shown, the moving party must also demonstrate the proposed

27   amendment would be proper under Rule 15. *Id.* at 608. Under Rule 15, leave to amend should be

28

**James C. Mahan**
**U.S. District Judge**

1   granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is

2   futile, or creates undue delay or prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178,

3   182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

4   **III.   Discussion[2]**

5        Under the operative scheduling order, which had already extended deadlines once, any

6   motion to amend pleadings/add parties must have been filed by January 30, 2013. (Doc. # 25).

7   Plaintiff did not file her motion to amend until April 8, 2013—over two months past the deadline.

8   Accordingly, plaintiff must demonstrate "good cause" under Rule 16(b). *See Johnson*, 975 F.2d at

9   607–08.

10       The record reflects that there were inadequate steps taken on plaintiff's behalf to timely

11  amend her complaint. However, these deficiencies are attributable to plaintiff's prior counsel.

12  Plaintiff's current counsel became associated with this matter on January 30, 2013 (doc. # 27), the

13  last day to amend pleadings and add parties pursuant to the court's scheduling order (doc. # 25). For

14  the sake of judicial efficiency, that court finds that the instant circumstances demonstrate good cause

15  for seeking an untimely amendment under Rule 16(b).

16       Turning to whether amendment would be proper under Rule 15, the court finds none of the

17  illustrative examples given by the Supreme Court in *Foman* as grounds to deny leave apparent here.

18  **V.   Conclusion**

19       Accordingly,

20       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Beverly Sherrill

21  Goben's motion to file first amended complaint (doc. # 49) be, and hereby is, GRANTED.

22  . . .

23  . . .

24  . . .

25  . . .

26

27       [2] As an initial matter, the court notes that plaintiff has complied with local rule 15-1(a) and attached the first

28  amended complaint to her motion. (Doc. # 49-2).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1     IT IS FURTHER ORDERED that plaintiff shall file the first amended complaint (*see* doc.

2  # 49, ex. 2) **within 10 days** of entry of this court's order.

3     DATED May 29, 2013.

4

5  _____

6  **UNITED STATES DISTRICT JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge                                                                                      - 4 -