**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

BEVERLY S. GOBEN,

    Plaintiff,

vs.

WAL-MART STORES, INC. *et al.*,

    Defendant.

2:12–cv–00086–JCM–VCF

**ORDER**

Before the court is Third-Party Defendant North American Roofing Services, Inc.'s Renewed Motion to Strike Plaintiff's Expert Witness Scott Dinslage (#81). Defendant Wal-Mart Stores, Inc., conditionally joined the motion (#84). Plaintiff Beverly Goben filed an Opposition (#85); and, North American Roofing filed a reply (#88).

**BACKGROUND**

This matter arises out of Plaintiff Beverly Goben's slip-and-fall at a Las Vegas, Nevada Wal-Mart Store. (Compl. (#1-2) at 1). On December 7, 2009, Goben walked through a puddle of water, slipped, fell, and suffered a right rotator cuff tear, which required arthroscopic surgery. (*Id.* at 2). The motion before the court concerns Plaintiff Beverly Goben's failure to timely disclose her expert roofing witness, Scott Dinslage. (*See* Def.'s Mot. to Strike (#81) at 6.)

Goben filed suit on November 23, 2011, alleging a single negligence cause of action against Wal-Mart.[1] (*Id.*) In early March 2012, Wal-Mart discovered that the puddle was likely created by deficient roof work performed by North American Roofing ("NAR"). (*See* Def.'s Mot. to Strike (#81) at 3:3–8). Consequently, on May 7, 2012, Wal-Mart filed its Third-Party Complaint against NAR, which is

---

[1] This court has jurisdiction under 28 U.S.C. § 1332(a). (*See* Def.'s Petition for Removal (#1) at 3–4).

contractually obligated to indemnify Wal-Mart. (*See* Def.'s Mot. for Leave to File Third-Party Compl. (#10) at 2:21–22).

On December 19, 2012, the court entered a discovery plan and scheduling order (#25). The deadline for initial expert disclosures was March 1, 2013, and the deadline for rebuttal expert disclosures was April 1, 2013. (#25 at 2.) On March 1, 2013, Goben disclosed three experts: an economist, disability examiner, and safety engineer. (Def.'s Mot. to Strike (#81) at 3). On March 28, 2013, Brandon Squires, the attorney handling Goben's case, unexpectedly left The Cottle Firm. (Pl.'s Opp'n (#85) at 2:24–25). On April 1, 2013, Wal-Mart disclosed its roofing expert. (*Id.* at 4).

Three days later, the parties inspected the roof and agreed to extend the discovery deadline. (*See* Stip. Extension of Time (#48)). Importantly, the stipulation did not extend the expert disclosure date. (*Id.*) Indeed, on April 3, 2013, when the stipulation was being drafted, NAR wrote to Goben to specify that "[e]xpert disclosure deadlines are not being re-opened." (*See* Letter (#81-4) at 1).

On April 5, 2013, the parties filed their joint stipulation, which did not extend the deadline to disclose expert witnesses (*See* #48 at 10–11). On April 9, 2013, Goben disclosed Scott Dinslage as an expert witness. (Pl.'s Opp'n (#85) at 3). On May 29, 2013, NAR filed its first motion to strike Goben's roofing expert (#56). On June 14, 2013, Goben filed a motion for settlement conference (#58), which was held on July 29, 2013 (#77).

Because the settlement conference was unsuccessful, on August 2, 2013, NAR filed the instant motion to strike (#81). On August 19, 2013—140 days after the deadline—Goben disclosed Dinslage's report (Pl.'s Opp'n (#85) at 3:16).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 37 authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was

information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Importantly, the burden to show substantial justification or harmlessness lies with the party facing Rule 37(c) sanctions. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001); *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

Rule 37 "gives teeth" to the disclosure requirements of Rule 26 by forbidding the use at trial of any information that is not properly disclosed. *Goodman v. Staples*, 644 F.3d 817, 827 (9th Cr.2011). Rule 37(c)(1) was implemented by the 1993 amendments to the Federal Rules of Civil Procedure to broaden of the court's sanctioning power. *Yeti by Molly*, 259 F.3d at 1106 (citing *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir.1998)). The Advisory Committee Notes state that Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to "provide a strong inducement for disclosure of material." FED. R. CIV. P. 37 advisory committee's note (1993). Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded. *Yeti by Molly*, 259 F.3d at 1106 (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir.2001)).

## **DISCUSSION**

The motion before the court is ultimately a question of the burden of persuasion. In support of its motion to strike, NAR argues: (1) Rule 37 is self-executing and (2) Goben failure to comply with Rule 26's disclosure requirements are not substantially justified or harmless because Goben was on notice that the roof was the possible cause of Goben's injury since at least March 26, 2012, when Wal-Mart sought leave to file its third-party complaint against NAR. (Mot. to Strike (#81) at 7–9). In response, Goben contends that her failure to comply with the Rules is (1) substantially justified because the legal authority cited by NAR in support of its motion is factually distinguishable from the present dispute and (2) harmless because NAR's arguments in support of its motion are "disingenuous." (*See* Opp'n (#85)

4–6). Given that Goben bears the burden of affirmatively demonstrating substantial justification or harmlessness, *see Yeti by Molly*, 259 F.3d at 1106, and that Goben's opposition merely refutes NAR's position, the court cannot conclude that Goben satisfied her burden.

With regard to substantial justification, Goben asserts that the cases cited by NAR are "easily distinguishable from the instant matter." (*See* Pl.'s Opp'n (#85) at 4). Even if this were true, which it is not,[2] Goben is still required to affirmatively demonstrate substantial justification or harmlessness. *Yeti by Molly*, 259 F.3d at 1106; *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) ("The burden . . . is on the party seeking to avoid Rule 37's exclusionary sanction"). Goben's attempt to refute NAR's arguments, therefore, is an exercise in futility.

When a party fails to timely disclose an expert or an expert report, the law presumes that the opposing party is harmed and that the untimely disclosure was not substantially justified. *See, e.g.*, *Torres*, 548 F.3d at 1213 ("Plaintiffs were not required to articulate how they would be prejudiced by Defendants' failure to provide an expert report"). As the Ninth Circuit recognizes, courts enter scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless mere are good reasons not to." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). When a party fails to identify expert witnesses, and provide the disclosures required by Rule 26(a)(2) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Id*.

---

[2] Goben argues that *Quevedo v. Trans-Pacifico Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998) is "easily distinguishable from the instant matter." (*See* Pl.'s Opp'n (#85) 4). In *Quevedo*, the court struck plaintiff's expert because plaintiff disclosed an expert twenty days after the deadline and did not file a report until after defendant's filed a motion for summary judgment. *Quevedo*, 143 F.3d at 1258; (*see also* Pl.'s Opp'n (#85) at 4) (reporting these facts). In this case, Goben did not disclose Dislange until **140 days** after the deadline and did not disclose Dinslange's report until after NAR's filed a motion to strike. The court is not persuaded that Goben the cases are distinguishable because *Quevedo* involved a motion for summary judgment, not a motion to strike. (*Id*. at 5:2–3).

4

With regard to harmlessness, Goben argues that her untimely disclosure of Dinslage is harmless because NAR's arguments are "disingenuous" and that they "demonstrate how desperate [NAR] is for a legitimate argument showing that it will be harmed if Mr. Dinslage's report and opinions are not stricken." (Pl.'s Opp'n (#85) at 5:19, 6:8–10). Assuming this is true, Goben has still failed to overcome the legal presumption that her failure to timely disclose Dinslage is harmful and unjustified. *See Yeti by Molly*, 259 F.3d at 1106; *Torres*, 548 F.3d at 1213; *Wong*, 410 F.3d at 1062.

The only affirmative showing Goben proffered in opposition to NAR's motion is that Dinslage was not timely disclosed because (1) the parties were engaged in settlement negotiations and (2) Brandon Squires, the attorney handling Goben's case, unexpectedly quit. (*See* Pl.'s Opp'n (#85) at 5:5–10). These facts fail to satisfy Goben's burden.

With regard to the settlement conference, Goben's assertion is undermined by the facts that (1) Goben still retained an economist, disability examiner, and safety engineer and (2) both Wal-Mart and NAR timely disclosed their experts. With regard to Squire's unexpected departure, Goben's assertion that Squire's departure prevented timely disclosure is rebutted by the fact Goben decided against extending the deadline for disclosing experts. On April 3, 2013, NAR contacted Goben and expressly told Goben that "[e]xpert disclosure deadlines are not being re-opened." (*See* Letter (#81-4) at 1). Goben, apparently, agreed without protest.

The facts and procedural history demonstrate that Goben had ample time to retain a roofing expert and comply with Rule 26's disclosure requirements. Because Goben slipped and fell in a puddle of water, she was on inquiry notice that the roof could be in controversy on December 7, 2009, the date she slipped and fell. Similarly, Goben was on actual notice that the roof was in controversy on March 26, 2012, the date Wal-Mart sought leave to file its third-party complaint against NAR. The court cannot, therefore, conclude that Goben has demonstrated that her failure to timely disclose Dinslage was substantially justified or harmless.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant North American Roofing Services, Inc.'s Motion to Strike (#81) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Supplemental Disclosure of Experts is STRICKEN.

IT IS FURTHER ORDERED that Plaintiff is PRECLUDED from proffering Scott Dinslage's testimony at trial.

IT IS SO ORDERED.

DATED this 19th day of September, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE