# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BEVERLY SHERRILL GOBEN,

    Plaintiff,

v.

WAL-MART STORES, INC., et al.,

    Defendants.

2:12-CV-86 JCM (VCF)

### ORDER

Presently before the court is third-party defendant North American Roofing's motion *in limine* to strike third-party plaintiff Wal-Mart's expert witness Ernest Orchard, or alternatively, to limit his testimony solely to rebuttal opinions. (Doc. #91). Wal-Mart filed a response. (Doc. #93).

**I.  Background**

This case arises out of a slip and fall incident that occurred at Wal-Mart Store No. 2592. Plaintiff Beverly Goben filed suit in state court against Wal-Mart for negligence. Wal-Mart removed the action to federal court on January 18, 2012. (Doc. #1).

Wal-Mart moved for leave to file a third-party complaint against ("N.A.R.") on March 26, 2012. (Doc. #10). Wal-Mart alleges that N.A.R. performed work on the roof of the Wal-Mart store and that N.A.R.'s faulty work created the leak that caused the plaintiff's slip and fall. The court granted Wal-Mart's motion, and Wal-Mart filed a third party complaint against N.A.R. on May 7, 2012. (Doc. #13).

**James C. Mahan**
**U.S. District Judge**

Pursuant to a scheduling order, the parties made their initial expert disclosures on March 1, 2013. (Doc. #25). At that time, N.A.R. disclosed Richard Cecchi as its roofing expert. During initial expert disclosures, Wal-Mart did not disclose a roofing expert. On April 1, 2013, Wal-Mart disclosed Ernest Orchard as a rebuttal expert on roofing.

After reading Ernest Orchard's report, N.A.R. filed the instant motion to strike his testimony altogether, or, in the alternative, to limit his testimony to only rebuttal opinions.

## II.    Legal Standard

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates,* 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III.   Discussion

A. Expert witness testimony

N.A.R. claims that Orchard should not be allowed to testify because his testimony will not satisfy the requirements of the Federal Rules of Evidence. A witness qualified as an expert by knowledge, skill, experience, training, or education may provide expert testimony if *inter alia* the testimony is based upon sufficient facts or data and the testimony is the product of reliable principles

**James C. Mahan
U.S. District Judge**

- 2 -

1   and methods. Fed. R. Evid. 702.

2   Orchard never performed a roof inspection at the Wal-Mart where the slip and fall occurred.
3   Instead of examining the roof himself, Orchard asked Mike Madson, an employee of his company,
4   Orchard Roofing Consultants, to do the site inspection and report back. When asked about the
5   methodology used by Madson during the roof inspection, Orchard was not sure of the exact method
6   used by Madson. (Doc. #91-4 at 35). Orchard stated that he had worked with Madson for years and
7   that he was aware of Madson's usual procedures. (*Id.* at 35-36).

8   N.A.R. believes that any testimony offered by Orchard relying on information gathered by
9   Madson would violate Fed. R. Evid. 702 because it would not be clear that the testimony was the
10  product of reliable principles and methods of roof inspection.

11  Wal-Mart asserts that while Orchard did not perform the roof inspection and is unable to
12  describe the exact methods of the inspection, he is still able to make opinions based on the report
13  given to him by Madson. The report given to Orchard contained eighty-seven photographs with
14  descriptions.

15  Additionally, Wal-Mart argues that Orchard has reviewed many documents related to the roof
16  leak including the expert reports from Cecchi and another N.A.R. expert, the agreement between
17  Wal-mart and N.A.R., and depositions of N.A.R.'s expert witnesses. Wal-Mart argues that this
18  information, along with Orchard's experience, overcomes any deficiencies in precise knowledge of
19  the methods that led to Madson's conclusions.

20  Wal-Mart also makes the argument that Fed. R. Evid. 703 allows an expert to render opinions
21  based on hearsay as long as the hearsay is of the type reasonably relied on by experts in the field.
22  This argument is misplaced. N.A.R. is not arguing that Orchard cannot rely on the report because
23  it is hearsay, but instead that the methodology used to create the report cannot be confirmed.

24  Because Orchard is unable to state the principles and methods used to create the report that
25  he relied on, testimony based on the report's contents cannot satisfy the requirements of Fed. R.
26  Evid. 702. Conclusions based on Orchard's review of other documents may be admitted.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

### B. Rebuttal Experts

Rebuttal expert testimony is restricted to subjects which are "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(c)(ii). "Rebuttal expert reports are proper if they contradict or rebut the subject matter of the [original] expert report." *Downs v. River City Grp., LLC*, 2014 WL 814303 at *2 (D. Nev. Feb. 28, 2014). "They are not, however, the proper place for presenting new arguments." *Id.*

### I. Arguments

N.A.R. contends that Orchard's first report goes well beyond rebuttal opinion. N.A.R. points out that in a five-page initial report from Orchard only one paragraph makes reference to Cecchi's report. The rest of the report is full of independent analysis relating to the cause of the puddle that the plaintiff slipped in. N.A.R. contends that because Orchard was designated as a rebuttal witness, anything in Orchard's first report that does not directly rebut Cecchi's report should be stricken.

Orchard subsequently prepared a supplemental report to expound on his initial findings. Orchard stated that the purpose of the supplemental report was to add additional findings based on document review and research made after the first report, and to respond to the opinions of Cecchi. N.A.R. states that out of the seven-page supplemental report, less than one page dealt with the findings of Cecchi.

N.A.R. suggests that the reason that Orchard's reports only briefly touch on Cecchi's findings is because Orchard was never aware that he was designated as a rebuttal witness.

Wal-Mart argues that Orchard's report properly rebuts Cecchi's conclusions. Wal-Mart states that Cecchi, in his reports, offered opinions regarding the location of the leak, the location of the slip and fall, the cause of the leak, and the source of the leak. Wal-Mart contends that by coming to different determinations as to the location, cause, and source of the leak, Orchard has effectively rebutted Cecchi's findings. In his original report, Orchard briefly discussed the Cecchi report, stating that the roof mounted mechanical unit that Cecchi references in his report was not a contributing factor to the leak.

. . .

ii. Analysis

A rebuttal expert report must "directly address the findings . . . of the primary expert's report" rather than "the general subject matter of the case." *Downs*, 2014 WL 814303 at *5. Rebuttal experts are not allowed to put forth their own theories; instead, "they must restrict their testimony to attacking the theories offered by the adversary's experts." *Id.*

Applying these standards to the present case, Orchard's reports lack the specificity required of rebuttal reports. The cause of the roof leak is central to this case. Instead of directly addressing Cecchi's findings, Orchard spends the majority of his reports explaining what he believes caused the leak. In Orchard's first report, the only mention of Cecchi's report reads:

> The [Cecchi] report . . . makes reference to the leaks above the Menswear Department by stating that there was a repair to correct "mechanical damage" and yet our findings show there is no mechanical unit directly above or in close proximity to, the slip & fall location. There is a roof mounted mechanical unit approximately fifty feet (50') away, and down slope from, the roof above the accident but that location is not a contributing factor in this matter.

This excerpt from the Orchard report states that Cecchi is incorrect as to his belief that the mechanical unit caused the leak, but it does not expound as to why Cecchi is incorrect. Instead, Orchard develops a competing theory as to the cause of the leak. Orchard opines that faulty work from N.A.R. near the expansion control joint caused the leak. As a rebuttal witness, Orchard must "restrict [his] testimony to attacking the theories offered by the adversary's experts." *R & O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, 2011 WL 2923703 at *2 (D. Nev. July 18, 2011).

Wal-Mart had an opportunity to disclose a roofing expert, but it chose not to do so. In response to N.A.R.'s disclosure of a roofing expert, Wal-Mart disclosed Orchard as a rebuttal expert. Orchard's report goes far beyond simply trying to discredit or explain Cecchi's findings, and instead focuses on an alternative theory of causation.

Orchard moves beyond attacking the theory offered by Cecchi, and thereby exceeds the limitations set for rebuttal experts. However, the court finds it would be prejudicial to exclude his testimony entirely. Therefore, Orchard may testify in order to rebut conclusions offered by N.A.R.'s expert witnesses.

James C. Mahan
U.S. District Judge

- 5 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that N.A.R's motion *in limine* (doc. #91) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wal-Mart's expert witness, Ernest Orchard, may not rely on the report written by the employee of Orchard Roofing Consultants.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ernest Orchard may only rebut the conclusions of N.A.R.'s roofing experts, and may not offer an alternative theory of causation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wal-Mart's motion to strike N.A.R's reply (doc. #94) is DENIED as moot.

DATED June 16, 2014.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE