1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7
8
9

BEVERLY SHERRILL GOBEN,                    2:12-CV-86 JCM (VCF)

            Plaintiff,

10

v.

11

WAL-MART STORES, INC., et al.,

12

            Defendants.

13
14

**ORDER**

15    Presently before the court is third-party plaintiff Wal-Mart's motion for summary judgment.  (Doc.

16    #92).  Third-party defendant North American Roofing ("N.A.R.") filed a response (doc. #96), and

17    Wal-Mart filed a reply (doc. #97).

18    **I.      Background**

19            This case arises out of a slip-and-fall incident that occurred at Wal-Mart Store No. 2592.

20    Plaintiff Beverly Goben filed suit in state court against Wal-Mart for negligence.  Wal-Mart removed

21    the action to federal court on January 18, 2012.  (Doc. #1).

22            Wal-Mart filed a third-party complaint against N.A.R. on May 7, 2012.  (Doc. #13).  Wal-

23    Mart alleges that N.A.R. performed work on the roof of the Wal-Mart store and that N.A.R.'s faulty

24    work created the leak that caused the plaintiff's slip and fall.

25            Prior to N.A.R. working on the roof of the Wal-Mart, Wal-Mart and N.A.R. entered into a

26    master service agreement which, *inter alia*, included an indemnification clause and required that

27    N.A.R. list Wal-Mart as an additional insured with N.A.R.'s insurer.  Wal-Mart argues that the

28

**James C. Mahan**
**U.S. District Judge**

1  indemnification clause of the master service agreement has been triggered, and Wal-Mart has
2  demanded that N.A.R. indemnify Wal-Mart.

3       N.A.R. has refused to indemnify, and Wal-Mart filed the instant motion for summary
4  judgment.

5  **II.  Legal Standard**

6       The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings,
7  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,
8  show that "there is no genuine issue as to any material fact and that the movant is entitled to a
9  judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is
10  "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317,
11  323–24 (1986).

12       In determining summary judgment, a court applies a burden-shifting analysis.  "When the
13  party moving for summary judgment would bear the burden of proof at trial, it must come forward
14  with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.
15  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue
16  of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213
17  F.3d 474, 480 (9th Cir. 2000) (citations omitted).

18       In contrast, when the nonmoving party bears the burden of proving the claim or defense, the
19  moving party can meet its burden in two ways:  (1) by presenting evidence to negate an essential
20  element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to
21  make a showing sufficient to establish an element essential to that party's case on which that party
22  will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party
23  fails to meet its initial burden, summary judgment must be denied and the court need not consider
24  the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

25       If the moving party satisfies its initial burden, the burden then shifts to the opposing party
26  to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*
27  *Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing

28

**James C. Mahan**
**U.S. District Judge**

1   party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the

2   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions

3   of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th

4   Cir. 1987).

5         In other words, the nonmoving party cannot avoid summary judgment by relying solely on

6   conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045

7   (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the

8   pleadings and set forth specific facts by producing competent evidence that shows a genuine issue

9   for trial. *See Celotex Corp.*, 477 U.S. at 324.

10        At summary judgment, a court's function is not to weigh the evidence and determine the

11  truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*,

12  477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable

13  inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is

14  merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at

15  249–50.

16        Summary judgment is appropriate when the contract terms are clear and unambiguous, even

17  if the parties disagree as to their meaning. *See United States v. King Features Entertainment, Inc.*,

18  843 F.2d 394, 398 (9th Cir. 1988); *see also Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d

19  1401, 1406 (9th Cir. 1985). Interpretation of the contract, including whether it is ambiguous, is a

20  matter of law. *Beck Park Apts. v. United States Dep't of Housing*, 695 F.2d 366, 369 (9th Cir. 1982).

21  **III.    Discussion**

22              *A. Failure to indemnify*

23        Wal-Mart argues that the master service agreement that N.A.R. entered into with Wal-Mart

24  requires that N.A.R. indemnify Wal-Mart as to Goben's claim. The indemnification clause states:

25              10. Indemnification

26                  (a) "Contractor shall at all times indemnify, defend and
                    hold harmless Wal-Mart [ ] against and from any and all lawsuits, claims,
27                  actions, expenses (including reasonable attorney's fees and costs),
                    damages (including punitive, consequential and exemplary damages),

28

James C. Mahan
U.S. District Judge                                           - 3 -

1   obligations, fines, penalties, correction action costs, liabilities, and liens
    (including, without limitation, claims for personal injury (even if solely
2   emotional in nature), death and damage to property) ("Claims") arising
    out of or related to (1) the acts, omissions, negligence or willful
3   misconduct of Contractors [ ] in connection with the provisions of the
    Services, (2) any breach, violation or default by Contractor of this
4   Agreement or any Scope of Work, (3) any lien, security interest, claim or
    encumbrance in favor of any person or entity by reason of having
5   provided labor, materials or equipment relating to the Services . . ."

6   (Doc. #92 Ex. C).

7       Wal-Mart claims that the filing of the instant suit triggered the indemnification clause and as

8   a result, N.A.R. is required to indemnify Wal-Mart.  Wal-Mart argues that the clause was triggered

9   because the complaint alleges personal injury that arose out of or is related to the acts, omissions,

10  negligence or willful misconduct of N.A.R.  Wal-Mart further argues that it does not matter whether

11  Goben's allegations are true or proven at trial, and that the complaint from Goben is all that is

12  required to trigger the clause.

13      N.A.R. argues that the plain language of the indemnification clause requires that there be some

14  showing that the acts of N.A.R. led to the lawsuit.  N.A.R. claims that the mere allegation that N.A.R.

15  was at fault for Goben's fall is not enough for the clause to trigger.  Without knowing the cause of

16  the leak, it is impossible to know if the lawsuit is related to N.A.R.'s acts, omissions, negligence or

17  willful misconduct.  As both sides provide evidence supporting their theory, the cause of the leak is

18  a genuine issue of material fact.

19      Wal-Mart argues that even if the leak is determined to have resulted from negligence on the

20  part of Wal-Mart, N.A.R. must still indemnify.  Arkansas state law, which controls in this case due

21  to the choice of law provision in the master service agreement, states that indemnity obligations for

22  injuries caused by the sole negligence or wrongdoing of an indemnitee must be "expressed in clear

23  and unequivocal terms and to the extent that no other meaning can be ascribed." *Pickens-Bond Const.*

24  *Co. v. N. Little Rock Elec. Co.,* 249 Ark. 389, 394 (1970).  The indemnification clause does not

25  include a clear and unequivocal statement that N.A.R. must indemnify Wal-Mart against Wal-Mart's

26  negligence.  The clause specifically states that N.A.R. must indemnify Wal-Mart against claims

27  related to N.A.R.'s own acts or omissions; it does not mention anything about Wal-Mart's acts.

28

James C. Mahan
U.S. District Judge

- 4 -

1

2
*B. Failure to adequately perform the scope of work*

3      Wal-Mart additionally contends that the indemnification clause was triggered because the

4   Goben complaint arose out of a breach or violation of the scope of work.  Wal-Mart focuses on the

5   fact that N.A.R. failed to perform work on an expansion joint as required by the master service

6   agreement, and Wal-Mart's expert came to the conclusion that the leak came from the expansion

7   joint.  Wal-Mart claims that because the joint was not worked on, the contract was breached.  Wal-

8   Mart says that the failure to work on the expansion joint caused the leak, and therefore N.A.R. should

9   indemnify Wal-Mart.

10      Wal-Mart is essentially arguing that the breach itself should trigger indemnification, but the

11   indemnification clause does not warrant that conclusion.  Under the clause, only a breach which leads

12   to a lawsuit will trigger indemnification, but as discussed above, there are genuine issues of material

13   fact as to the cause of the leak.  Because the cause of the leak has not yet been determined, it is

14   impossible to definitively conclude whether a breach in the scope of work led to the leak, and

15   accordingly, the lawsuit.

16
*C. Failure to comply with insurance requirements*

17      Wal-Mart contends that N.A.R. failed to comply with the master service agreement by failing

18   to name Wal-Mart as an additional insured.  N.A.R. asserts that Wal-Mart was included in an

19   additional policy which covers all people or organizations that N.A.R. is contractually required to add

20   as additional insureds.

21      Wal-Mart claims that N.A.R. has materially breached the contract and thus, the

22   indemnification clause is triggered on this basis.  This argument has no merit.  Once again, Wal-Mart

23   mischaracterizes the requirements of the indemnification clause.  According to the plain language of

24   the master services agreement, in order for the clause to be triggered, there must be some lawsuit or

25   claim "arising out of or related to (1) the acts, omissions, negligence or willful misconduct of

26   Contractors [ ] in connection with the provisions of the Services, (2) any breach, violation or default

27   by Contractor of this Agreement or any Scope of Work, (3) any lien, security interest, claim or

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  encumbrance in favor of any person or entity by reason of having provided labor, materials or

2  equipment relating to the Services . . . ." (Doc. #92 Ex. C).

3          In this case, even if N.A.R. did materially breach the contract by not specifically naming Wal-

4  Mart and instead covering Wal-Mart through an additional blanket insurance policy, this action did

5  not lead to the instant lawsuit.  The lawsuit is based on Goben slipping on water on the floor of a Wal-

6  Mart, not on N.A.R.'s failure to name Wal-Mart as additional insured on N.A.R.'s insurance policy.

7          In order for the indemnification clause to be triggered, the lawsuit must result from N.A.R.'s

8  actions. There are genuine issues of material fact as to the cause of the leak, so it is not clear whether

9  the lawsuit is the result of actions, omissions, negligence or willful misconduct of N.A.R.

10          Accordingly,

11          IT IS HEREBY ORDERED, ADJUDGED, DECREED that Wal-Mart's motion for summary

12  judgment (doc. #92) is DENIED.

13          DATED June 18, 2014.

14

15

16  **UNITED STATES DISTRICT JUDGE**

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**